UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

MARK A. WEBB,

                              Plaintiff,

                                                                                 Case # 15-CV-971-FPG

v.

                                                                                 DECISION AND ORDER

NANCY A. BERRYHILL,[1]
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                              Defendant.

## INTRODUCTION

Plaintiff Mark Webb ("Plaintiff") brings this action to challenge the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). ECF No. 1. The Court has jurisdiction over this matter under 42 U.S.C. §§ 405(g) and 1383(c)(3).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 9, 10. For the reasons stated below, Plaintiff's motion (ECF No. 9) is GRANTED, the Commissioner's motion (ECF No. 10) is DENIED, and this matter is REMANDED for further administrative proceedings.

## BACKGROUND

On August 27, 2008, Plaintiff protectively filed applications for DIB and SSI under the Act. Tr. 1024.[2] Plaintiff alleges disability since September 15, 2007 due to bipolar disorder, depression, hypertension, migraines, hepatitis B, hepatitis C, vision problems, right leg pain, and mental health issues. Tr. 153. On October 28, 2010, Administrative Law Judge Timothy M.

---

[1]         Nancy A. Berryhill is substituted for Carolyn W. Colvin pursuant to Fed. R. Civ. P. 25(d).
[2]         References to "Tr." are to the administrative record in this matter.

McGuan ("the ALJ") concluded that Plaintiff was not disabled under the Act and issued an unfavorable decision. Tr. 15-35. Plaintiff sought judicial review and the ALJ's decision was ultimately remanded to the Commissioner for further proceedings. Tr. 1128-39.

On December 2, 2014, the ALJ issued a partially favorable decision finding Plaintiff disabled as of November 20, 2013, but not prior to that date. Tr. 1019-54. That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on September 14, 2015. Tr. 1014-17. Plaintiff then filed this civil action. ECF No. 1.

## LEGAL STANDARDS

**I.     Disability Determination**

The Act defines "disability" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). Social Security Administration ("SSA") regulations outline the five-step process used to determine whether a claimant is "disabled" under the Act. 20 C.F.R. § 404.1520.[3]

First, the ALJ must determine whether the claimant is engaged in any substantial gainful work activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the claimant is not disabled. *Id.* If the claimant does have a severe impairment, the analysis proceeds to step three.

At step three, the ALJ must determine whether the claimant has an impairment (or combination of impairments) that meets or medically equals one of the conditions listed in 20

---

[3]     As relevant here, the standards for determining disability under Titles II and XVI of the Act are identical.

C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("the Listings"). If the impairment does meet or equal a condition in the Listings and the durational requirement (20 C.F.R. § 404.1509) is satisfied, then the claimant is disabled. 20 C.F.R. § 404.1520(d). If it does not, the ALJ will make a finding regarding the claimant's residual functional capacity ("RFC"), which is an assessment of what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC is then used at steps four and five. 20 C.F.R. § 404.1520(e).

The fourth inquiry is whether, given the claimant's RFC, the claimant can still perform his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform his or her past relevant work, the claimant is not disabled. *Id.* If he or she cannot, the ALJ proceeds to step five.

At the fifth and final step, the ALJ must consider the claimant's RFC as well as his or her age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. 20 C.F.R. § 404.1520(g). If the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the claimant cannot make that adjustment, then the claimant is disabled. *Id.*

The burden of proving the first four elements is on the claimant, and the burden of proving the fifth element is on the Commissioner. *Bush v. Shalala*, 94 F.3d 40, 44-45 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## II.     District Court Review

District Court review of the Commissioner's decision is not *de novo*. *See, e.g.*, *Richardson v. Barnhart*, 443 F. Supp. 2d 411, 416 (W.D.N.Y. 2006) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). The Commissioner's decision may only be set aside if it is not supported by "substantial evidence" or is the product of legal error. *See, e.g.*, *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).

Substantial evidence means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

**I.      The ALJ's Decision**

In this case, the ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 15, 2007, his alleged onset date. Tr. 1027. At step two, the ALJ found that Plaintiff has the following severe impairments: obesity; cocaine, opiate, cannabis, and alcohol dependence; bipolar, anxiety, and dysthymia disorders; borderline intellectual functioning; and a calcanean spur of the left first metatarsophalangeal joint. *Id.*

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a Listings impairment. Tr. 1028-29. The ALJ specifically considered Listing 12.05, intellectual disability, but found that Plaintiff did not meet the criteria for that listing because "no evidence indicates the onset of an intellectual disability prior to the Age of 22." Tr. 1029.

The ALJ then determined Plaintiff's RFC. Tr. 1030-41. Specifically, the ALJ found that Plaintiff could perform light work[4] with the following additional limitations: "the claimant [needs] an accommodation to alternate between the sitting and standing positions every two hours; cannot understand, remember, or carry out detailed tasks; can only occasionally interact

---

[4]      "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

with the public, but would be able to interact with coworkers and supervisors." Tr. 1030. At step four, the ALJ found that Plaintiff's RFC prevents him from performing his past relevant work as a press operator. Tr. 1041.

At step five, the ALJ considered Plaintiff's RFC, age, education, and work experience. With respect to the time period from Plaintiff's alleged onset date until November 20, 2013, the ALJ determined that Plaintiff could perform the requirements of "Plastic Molding Machine Operator" and "Small Products Assembly." Tr. 1041-42. However, the ALJ also determined that as of November 20, 2013, when Plaintiff became a "person of advanced age" under 20 C.F.R. § 404.1563, there are no jobs that exist in significant numbers in the national economy that Plaintiff could perform. Tr. 1043. Accordingly, the ALJ found that Plaintiff was disabled under the Act beginning November 20, 2013 but not disabled prior to that date. Tr. 1043.

## II. Plaintiff's Challenge to the ALJ's Decision

Plaintiff argues that remand is warranted because the ALJ erred in evaluating Listing 12.05 (intellectual disability) at step three. ECF No. 9-1, at 16-20.[5] The Court agrees.

At the time of the ALJ's decision, Listing 12.05 defined "intellectual disability" as "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. § Pt. 404, Subpt. P, App'x 1, § 12.05 (effective February 26, 2014 to December 8, 2014). The requirement that a claimant's intellectual disability must have initially manifested before age 22 "seems intended to limit coverage to an innate condition rather than a condition resulting from a disease or accident in adulthood." *Talavera v. Astrue*, 697 F.3d 145, 152 (2d Cir. 2012) (quoting *Novy v. Astrue*, 497 F.3d 708, 709 (7th Cir. 2007)) (internal quotations omitted).

---

[5] Plaintiff also advances other challenges to the ALJ's decision. *See* ECF No. 9-1, at 20-23. However, the Court declines to reach these arguments because remand is warranted solely on the basis of the ALJ's error at step three.

To qualify under Listing 12.05, the disability must also be sufficiently severe. *Id.* At the time of the ALJ's decision, an intellectual disability was sufficiently severe if one of the following four criteria were met:

   A. Mental incapacity evidenced by dependence upon others for personal needs (e.g., toileting, eating, dressing, or bathing) and inability to follow directions, such that the use of standardized measures of intellectual functioning is precluded; OR
   B. A valid verbal, performance, or full scale IQ of 59 or less; OR
   C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function; OR
   D. A valid verbal, performance, or full scale IQ of 60 through 70, resulting in at least two of the following: (1) marked restriction of activities of daily living; or (2) marked difficulties in maintaining social functioning; or (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration.

*Id.*

Here, the ALJ found that Plaintiff did not meet the criteria for Listing 12.05 because "no evidence indicates the onset of an intellectual disability prior to the Age of 22." Tr. 1029. But that finding is not supported by substantial evidence. Rather, the evidence in the record clearly demonstrates that Plaintiff's intellectual disability began before age 22. Records from the Buffalo Board of Education show that when Plaintiff was in third grade, he was referred for an examination by the Central Committee on Special Education for being "slow." Tr. 146. The examiner noted that Plaintiff had an IQ of 70 and recommended that Plaintiff be placed in a special education class. *Id.* Four years later, a different examiner recommended that Plaintiff remain in special education because he had an IQ of 72 and a reading equivalency of grade 4.9. Tr. 147. It is well-established that placement in special education classes and difficulty in reading, writing, or math are sufficient to infer that a claimant's intellectual disability began during the developmental period. *Rohrback v. Colvin*, No. 1:13-CV-00628, 2016 WL 1156449, at *3 (W.D.N.Y. Mar. 24, 2016); *Edwards v. Astrue*, No. 5:07-CV-898, 2010 WL 3701776, at *3

(N.D.N.Y. Sept. 16, 2010); *MacMillan v. Astrue*, No. 1:07-CV-0959, 2009 WL 4807311, at *6 (N.D.N.Y. Dec. 7, 2009).

The Commissioner does not argue that Plaintiff's mental impairment only arose during his adulthood, but rather asserts that Plaintiff did not meet the requirements of Listing 12.05 for other reasons. ECF No. 10-1, at 22-26. However, those other reasons amount to impermissible *post hoc* rationalizations of the ALJ's decision. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court 'may not accept appellate counsel's *post hoc* rationalizations for agency action.'") (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962)). Because the only reason the ALJ provided was that "no evidence indicates the onset of an intellectual disability prior to the Age of 22," and that reason is not supported by substantial evidence, remand is warranted.

## III.   Appropriate Remedy

Plaintiff argues that this matter should be remanded solely for calculation of benefits because he meets all the requirements for Listing 12.05 and is therefore disabled under the Act. ECF No. 9-1, at 16-20.

Remand for calculation of benefits is appropriate where the record persuasively demonstrates the claimant's disability and there is no reason to conclude that additional evidence might support the Commissioner's position that the claimant is not disabled. *Gibbs v. Colvin*, 155 F. Supp. 3d 315, 321 (W.D.N.Y. 2015) (citing *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980) and *Butts v. Barnhart*, 388 F.3d 377, 385-86 (2d Cir. 2004)). Reversal for calculation of benefits is also particularly appropriate where a person's claim for benefits has been pending for a long time and "additional administrative proceedings would only lead to further delay." *Id.* (quoting *McClain v. Barnhart*, 299 F. Supp. 2d 309, 310 (S.D.N.Y. 2004)). At the same time,

"absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits." *Bush v. Shalala*, 94 F.3d 40, 46 (2d Cir. 1996).

Here, although the Court is sympathetic to the fact that Plaintiff's application has been pending for over eight years, remand solely for calculation of benefits would be inappropriate. As the Commissioner points out, it is Plaintiff's burden at step three to show that his impairment meets or equals the criteria for Listing 12.05. *See, e.g.*, *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original).

In particular, the record does not persuasively demonstrate that Plaintiff suffers from deficits in adaptive functioning as required by Listing 12.05. "Adaptive functioning refers to an individual's ability to cope with the challenges of ordinary everyday life." *Talavera*, 697 F.3d at 152 (quoting *Novy*, 497 F.3d at 709) (internal quotations and alterations omitted). The record in this case includes evidence from at least three different doctors who all opined during the relevant time period that Plaintiff's mental impairment was not significant enough to interfere with his ability to function on a daily basis. *See* Tr. 882 (Dr. Tzetzo), 736-37 and 740-41 (Dr. Baskin), 1477 (Dr. Santarpia).[6] Dr. Baskin found that although Plaintiff does suffer from cognitive limitations, those limitations "should not preclude his ability to function in a supervised work setting." Tr. 740. Dr. Santarpia found that Plaintiff is able to "follow and understand simple directions and instructions, perform simple tasks independently, maintain attention and concentration, maintain a regular schedule, learn new tasks, make appropriate

---

[6] Psychologist Janine Ippolito also opined that Plaintiff's impairment was not significant enough to interfere with his ability to function on a daily basis, *see* Tr. 1597-1602, but this evaluation was in February 2014 and therefore outside the relevant time period.

decisions, relate adequately with others, and appropriately deal with stress within normal limits." Tr. 1477.  Therefore, remand for further administrative proceedings is appropriate in this case.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for judgment on the pleadings (ECF No. 9) is GRANTED and the Commissioner's motion for judgment on the pleadings (ECF No. 10) is DENIED.  This matter is REMANDED to the Commissioner for further administrative proceedings in accordance with this decision.  *See* 42 U.S.C. § 405(g).  The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 28, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court